# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2015

Lyle W. Cayce
Clerk

JIMMY LEE SHARBUTT,

Petitioner-Appellant

v.

N. VASQUEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-514

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Jimmy Lee Sharbutt, federal prisoner # 09112-062, appeals the district court's denial and dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. Sharbutt challenged the enhancement to his sentence pursuant to the Armed Career Criminal Act, following his conviction of being a felon in possession of a firearm. The district court denied relief, concluding that such allegations should be presented in a 28 U.S.C. § 2255 motion and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40925

that Sharbutt had not established that he was entitled to proceed under the savings clause of § 2255(e), which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention."

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because Sharbutt essentially claims that he is innocent of his sentence under the Armed Career Criminal Act, rather than his offense of conviction, he has failed to make the showing required by *Reyes-Requena*. Sharbutt's contention that *Persaud v. United States*, 134 S. Ct. 1023 (2014), stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision.

The decision of the district court is AFFIRMED.